## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# FILED

JAN 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

QUENTA ENNIS, 34408-007)
FCI-Schuylkill            )
P.O. Box 759              )
Minersville, PA. 17954    )
(Enter your full name, prison number
and address)

v.

Bobby Lott               )
Rick Berry               )
D.C. Department of       )
Corrections              )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)

Case: 1:08-cv-00146
Assigned To : Kennedy, Henry H.
Assign. Date : 01/25/2008
Description: Pro Se Gen. Civil

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis.* To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1)    the average monthly deposits to your prison account, or
(2)    the average monthly balance of your prison account for the prior six-month period.

# RECEIVED

JAN 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

I.    **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.    **PREVIOUS LAWSUITS**

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )        No ( **x** )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )        No ( **x** )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: _____**N/A**_____

Defendants: _____

2.    Court (If federal court, please name the district; if state court name the county.)
_____**N/A**_____

3.    Docket number: _____**N/A**_____

4.    Name of judge to whom case was assigned: _____**N/A**_____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____**N/A**_____

6.  Approximate date of filing lawsuit: _____**N/A**_____

7.  Approximate date of disposition: _____**N/A**_____

## III.  PLACE OF CONFINEMENT

Previoulsy at D.C. Central Detention Facility

A.  Is there a prisoner grievance procedure in this institution?  Yes ( **x** )    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( **x** )    No ( )

C.  If your answer is Yes to Question III B:

1.  To whom and when did you complain?  **Utilized grievance procedure process to its final level (see exhibits)**

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes ( **x** )    No ( )

3.  What, if any, response did you receive?  (Furnish copy of response, if in writing.)  **Never received any response to any of my grievances at each level.**

4.  What happened as a result of your complaint?  **No response.**

D.  If your answer is No to Question III B, explain why not.  **N/A**

E.  If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.  If your answer is Yes to Question III E;

1.  To whom and when did you complain?  _____

2.  Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )

3.  What, if any response did you receive?  (Furnish copy of response, if in writing.)

4.  What happened as a result of your complaint? _____

## IV.  PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.  Name of Plaintiff: _____ **SEE ATTACHED COMPLAINT** _____
    Address: _____

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.  Defendant: _____ **SEE ATTACHED COMPLAINT** _____

    Address: _____

    Defendant: _____

    Address: _____

    Defendant: _____

    Address: _____

    Defendant: _____

    Address: _____

## V.  STATEMENT OF CLAIM

**SEE ATTACHED COMPLAINT**

State here briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.
Include the names of other persons involved, dates, and places.  If you intend to allege a number
of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if
necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**VI.    RELIEF**

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____**SEE ATTACHED COMPLAINT**_____
_____
_____
_____
_____
_____
_____

Signed this ___8___ day of ___January_____, ___2008___ .


_____
                              (Signature of Plaintiff)


I declare under penalty of perjury that the foregoing is true and correct.

___1-8-08_____                    _____
     (Date)                              (Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Quenta Ennis )
      Plaintiff )
       )
       )
      v. )            COMPLAINT FOR DAMAGES
       )
       )            Civil Action No._____
Bobby Lott )
Rick Berry )
D.C. Department of Corrections )
      Defendants )

---

## I. JURISDICTION AND VENUE

COMES now, Quenta Ennis, Plaintiff, pro se, files this civil action to redress the deprivations under the color of law, rights secured by the Constitution of the United States.

This is a civil action authorized by 42 U.S.C. section 1983. Plaintiff seeks Declaratory relief pursuant to 28 U.S.C. section 2201 and 2202.

The District of Columbia is an appropriate venue under 28 U.S.C. section 1391(b)(2), because it is where the events giving rise to this claim occured.

## II. PLAINTIFF

Plaintiff, Quenta Ennis, (hereinafter "Ennis") is and were at all times mentioned herein a prisoner in the District of Columbia, in the custody of the Department of Corrections at the D.C. Central Detention Facility (hereinafter "D.C. CDF"). Ennis is currently in the custody of the Federal Bureau of Prisons, housed at the Federal Correctional Institution at Schuylkill, located in Minersville, Pennsylvania.

## III. DEFENDANTS

Defendant Bobby Lott (hereinafter "Lott") is currently a Correctional Officer, serving in the capacity as "Corporal" at the D.C. CDF. He is and was at all times legally responsible for the safety and security at the D.C. CDF, and the supervision, maintenance, and care of all inmates housed at this facility.

Defendant Rick Berry (hereinafter "Berry") is currently a Correctional Officer at the D.C. CDF. He is and was at all times legally responsible for the safety and security of the D.C. CDF, and the supervision, maintenance, and care of all inmates housed at this facility.

The D.C. Department of Corrections (hereinafter "DOC") is being named as Defendant in this civil action, because the D.C. CDF lies under this entity. The DOC is and was at all times legally responsible for the saftey, security, maintenance, and care of all inmates housed

(2)

at this facility. They are also legally responsle for the hiring, training, supervision, and discipline of all correctional employees of the D.C. CDF.

## IV. FACTS

1.) On June 15, 2006, while housed at the D.C. CDF awaiting tranfer to the custody of the Federal Bureau of Prisons, an incident occured which resulted in a physical altercation between Ennis and Lott.

2.) Defendant Lott's use of excessive force that unprovoked by Ennis was not necessary to maintain or restore discipline, but unjustifiably and maliciously to cause harm.

3.) On June 15, 2006, at approximately 10:30a.m., I was awaiting in my cell for my 30 minute period of recreation. I was told by Officer Berry to wait until they finshed serving lunch.

4.) After lunch was served and completed, I was released from my cell for my 30 minute recreation period.

5.) At that time, I proceeded to the t.v. room to use the telephone which each one last about 15 minutes.

6.) After my first call, I attempted to make my second call. At that point Officer Berry informed me that my time was up.

7.) At that point, I requested to speak with a "white shirt" (a supervising Lieutenant in charge). It was then     Lott entered the room, putting on a pair of gloves as he was yelling for me to get off the phone.

8.) At this point, I attempted to calmly inform Lott that my recreation time or phone time was not yet up.

(3)

9.) It was at this point        Lott-without any provocation or purpose-approached me, hung up the phone, and began grabbing me by the neck and choking me as he shoving me away from the phone.

10.) At some point, Officer Berry entered the room, and attempted to intercede by telling Lott to take his hands off of me, nevertheless, Officer Berry made no attempts to either physically stop Lott or contain his continued assault.

11.) Despite the fact I never attempted to return any sort of physical contact, nor did anything to provoke Officer Lott, he contiued his assault on me by continously punching me in the face.

12.) At some point, Sergeant Bernard Hall came into the room and ordered Lott to stop hitting me. It was only then he complied.

13.) Sergeant Hall then escorted me to the medical department for treatment. I suffered a broken nose, multiple bruises about the neck, and several loosened teeth.(*)

14.) The assault perpetrated by Lott on the day as described, continues to cause me emotional and mental maladies such as bouts with depression, nightmares, insomnia, and stress.

15.) The physical injuries inflicted during this assault yet affects me to this day, whereas I must receive ongoing treatment for nasal problems; pain and headaches; pain in my gums.

(*) See Medical Reports which will be labled as Exhibit (A), and photographs of injuries labled as Exhibit (B).

(4)

16.) Subsequently, as a result of this incident, a disciplinary report was issued charging Ennis with several "code offenses" in accordance to the D.C. CDF disciplinary procedures.(1). These offenses included that allegely Ennis had thrown "something" at "Cpl Bobby Lott's chest"-supposedly a "soap dish." Secondly, that Ennis had committed an assault on an officer; third, that I had refused an order.

17.) The Adustment Board-whom hears such inmates disciplinary cases subsequently found me guilty of the aforementioned misconduct charges and sentenced me to what amounted to illegal sanctions under the Ajustment Board's procedures (2).

18.) Ennis subsequently appealed the decision of the Adjustment Board findings, citing the fact that their determination that I was guilty of the offenses was without merit, because not only were the participating staff's reports conflicting as to what had occured-where they outright filed false statements-but also due to the fact that the sanctions imposed were illegal in accordance with the Adjustment Board Procedures Services Order 5300(1)(B).

19.) The above named actions (disciplinary reports) were only filed after Ennis made his intentions clear that he intended to to file grievances against Cpl Lott and others; and made his first step in doing so.

20.) Although Ennis appealed the Adjustment Board's decision, he was never provided a fair hearing from the onset. There was never

(1) See Misconduct Reports which will be entered as Exhibit (C)
(2) See Adjustment Board Records entered as Exhibit (D).

(5)

**any** record made of the Adjustment Board findings nor any minutes made of the procedings, (sic) because they could not find any batteries for the tape recorder. Thus, this in of itself is a violation of the Adjustment Board's policies and procedures for conducting such hearings.(1)

## VI. EXHAUSTION OF REMEDIES

Plaintiff Ennis, effectively and in good faith pursued to exhaust all of his administrative remedies available to him in accordance to policy which was available at the D.C. CDF as to his allegations against the Defendants.

Ennis intends to later include the Adjustment Board as a defendant in this civil action( amended complaint), or will be filing a separate action in regards to their due process violations.

Ennis also contends and shall putforth evidence that he pursued his grievances to the final level, nonetheless, he never received any responses from any authorities responsible for investigating and adjudicating such grievances.

---

(1) See Adjustment Board Procedures Service Order 5300(1)(B) to be entered as Exhibit ( ).

## VII. <u>LEGAL CLAIMS</u>

Plaintiff Ennis realleges and incorporates as setforth in paragraphs 1-20 that:

Defendant Lott did knowingly and intentionally act while under the color of law, to violate Ennis's Eighth Amendment Right to be free from cruel and unusual punishment, by physically assaulting and injuring Ennis without provocation or cause. Defendant Lott's actions was unnecessary and not needed to maintain or restore discipline, but his use of excessive force was used maliciously and sadiscally to cause harm.

Defendant Rick Berry, did knowingly and intentionally act while under the color of law, to violate Ennis's Eighth Amendment Right to be free from cruel and unusual punishment by conspiring and allowing Defendant Lott to physically assault Ennis, and further failing to immediately report and later attempting to downplay and cover up the facts as to what had truly occured before, during, and after the incident.

The DOC is the entity which oversees the D.C.CDF and obviously its employees. They are the correctional officers supervisors and directly responsible for the training and discipline of its employees. By permitting and overlooking Lott and Berry actions; failing to take the appropriate steps to faily, effectively, and expediously investigate Ennis's allegations against Lott and Berry, and thus not ascertaining Ennis's right to pursue his grievances, the DOC violated Ennis's First and Fourteenth Amendment Rights.

Each Defendant is being sued in both their individual and official capacities.

## VIII. PRAYER FOR RELIEF

As a direct and proximate result of the acts of the Defendant's, and each of them, the Plaintiff was physically, emotionally, and mentally injured; lost his natural rest and sleep; suffered pain and anxiety. Thus, the Plaintiff seeks relief in the following amount from each Defendant:

1.) Bobby Lott, $10,000,000 in compensatory and punitive damages.

2.) Rick Berry, $10,000,000 in compensatory and punitive damages.

3.) The DOC, $10,000,000 in compensatory and punitive damages.

Plaintiif also prays for Declaratory judgment against each Defendant, because the acts of each of them were willful and wanton; stating that the Defendant's did act and conspire to violate Ennis's First, Eighth, and Fourteenth Amendments as they secured under the United States Constitution, while under the color of law.

Plaintiff further prays for the honorable court to grant:

1.) Defendant pays the cost of this suit

2.) Trial by Jury on all issues

3.) Attorney costs and fees

And, any further relief this court shall deem just, proper, and equitable.

Date: 1-8-08

/s/ Quenta Ennis
Quenta Ennis, 34408-007
FCI-Schuylkill
P.O. Box 759
Minersville, PA. 17954

(7)

ATTESTATION

COMPLAINT FOR DAMAGES

UNITED STATES DISTRICT COURT    )

FOR THE DISTRICT OF COLUMBIA    )ss.

COMES now, Quenta Ennis, the Plaintiff in the above entitled action, and states under oath and under the penalties and pains of perjury, pursuant to **28 U.S.C. § 1746**, that the allegations contained in the foregoing complaint wherein he is the plaintiff and Bobby Lott, et. al. are joined as Defendants, are the truth according to his best knowledge, information, and belief.

**IN WITNESS WHEREFORE,** he has signed his name hereto this ___ day of __January__, 2008

WITNESS: _____

Date: 1-8-08 _____

/s/ Quenta Ennis _____
**Quenta Ennis**

(8)

F
08-0146
HHK

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

I (a) PLAINTIFFS

Quenta Ennis

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (PE)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 34408-007

DEFENDANTS

Bobby Lott, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:08-cv-00146
Assigned To : Kennedy, Henry H.
Assign. Date : 01/25/2008
Description: Pro Se Gen. Civil

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Immigration
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

0

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□    ACTION UNDER F.R.C.P. 23 | **DEMAND $** $30 million | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☑ YES    □ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    □ YES ☑ NO    If yes, please complete related case form.

DATE 1/25/08    SIGNATURE OF ATTORNEY OF RECORD    NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd