## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **QUENTA ENNIS (#34408-007)** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No.  08-0146  (HHK)** |
| **v.** ) | |
| ) | |
| **BOBBY LOTT,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### DEFENDANT D.C. DEPARTMENT OF CORRECTIONS'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, D.C. Department of Corrections (hereafter "DOC"), by and through

counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Civil

Procedure 12(b)(6) for an Order dismissing plaintiff's complaint because DOC is *non sui*

*juris.*  Although the District of Columbia would be the proper party defendant,

substitution of the District would be futile since plaintiff fails to state a claim for

municipal liability under 42 U.S.C. § 1983.  To th extent the Court substitutes the District

as the party defendant, dismissal of plaintiff's claim against it is warranted.

In support thereof, this defendant refers this Court to the attached memorandum

of points and authorities. Accordingly, dismissal is appropriate against this defendant

with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____/s/ C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295


**CERTIFICATE OF SERVICE**

This is to certify that on the 28th day of March, 2008, I served a true copy of the

foregoing Motion to Dismiss Plaintiff's Complaint, postage pre-paid to

Mr. Quenta Ennis, #34408-007
FCI-Schuylkill
P.O. Box 759
Minersville, PA 17954


_____/s/ C. Vaughn Adams_____
C.Vaughn Adams
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUENTA ENNIS (#34408-007)** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No.   08-0146  (HHK)** |
| **v.** ) | |
| ) | |
| **BOBBY LOTT,** *et al*. ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## DEFENDANT D.C. DEPARTMENT OF CORRECTIONS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

In support of its motion to dismiss, the D.C. Department of Corrections submit its memorandum of points and authorities, and states as follows:

<u>Preliminary Statement</u>

Plaintiff Quenta Daemon Ennis was housed at the D.C. Central Detention Facility on June 15, 2006, awaiting transfer to the Federal Bureau of prisons. See, Complaint, generally. Plaintiff avers that defendants Bobby Lott and Rick Berry were Corrections Officers employed by the District of Columbia and on duty on June 15, 2006. *Id.* Plaintiff alleges that during the morning of June 15, 2006, he was asked to conclude his time on the telephone by both defendants Berry and Lott. Complaint at page3.  Plaintiff avers that because he did not promptly comply with Defendant Berry or Lott's command to conclude his phone conversation, defendant Lott physically assaulted him.  Complaint, at page 3.  Although defendant Berry attempted to intercede by telling defendant Lott to take his hands off of him, he did not physically stop the assault. Complaint at page 4. Plaintiff alleges that the assault continued until "Sergeant Bernard Hall came into the

room and ordered [the offending officer] to stop hitting [him]". Complaint, at page 4. Plaintiff claims he sustained injuries as a result of the assault. *Id.*

Plaintiff claims that he was charged with several disciplinary offenses related to the June 15, 2006, incident, including throwing a soap dish at Defendant Lott. Plaintiff avers that he was found guilty of these offenses. Complaint, at page 5. According to plaintiff, the Adjustment Board did not record the proceedings as required because no batteries could be found for the tape recorder. *Id.*

Plaintiff brought suit under 42 U.S.C. 1983, against the Department of Corrections, Bobby Lott and Rick Berry, alleging violations of his 8th Amendment rights under the Constitution for cruel and unusual punishment and the use of excessive force and his rights under the 1st and 14th Amendments stemming from what he considers an unfair hearing before the D.C. Jail's Adjustment Board. See Complaint, generally.

For the following reasons, DOC must be dismissed as a party defendant. Substitution of the District of Columbia as the proper party defendant would be futile because plaintiff has not properly pled a municipal liability claim under 42 U.S.C. § 1983, against the District. Alternatively, if the District is substituted as the party defendant, dismissal is appropriate.[1]

**Argument**

**I.    Standard of Review Under Fed. R. Civ. P.  12(b)(6).**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is to construe the facts on the face of the complaint in the light most favorable to the non-moving party and to accept as true the allegations in the complaint. *See, Fred Ezra Co. v.*

---

[1] The District does not herein waive its right to proper service pursuant to Fed. R. Civ. P. 4.

*Pedas*, 682 A.2d 173, 174 (D.C. 1996) (citations omitted).  A plaintiff is required to plead

enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v.*

*Twombly,* 127 S.Ct. 1955, 1974 (2007).

      In order to survive a motion to dismiss, a plaintiff's complaint must contain "more

than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly.,* 127 S.Ct. at 1964-65.  "When the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, this basic

deficiency should be exposed at the point of minimum expenditure of time and money by

the parties and the court."  *Id.* at 1966.  *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

The court need not accept inferences drawn by the plaintiff if such inferences are

unsupported by the facts set out in the complaint, "[n]or must the court accept legal

conclusions cast in the form of factual allegations." *Kowal v. MCI Communications*

Corp., 16 F.3d 1271, 276 (1994).

## II.     Plaintiff May Not Maintain His Cause of Action Against the D.C. Department of Corrections.

      Plaintiff seeks to hold the D.C. Department of Corrections (hereafter "DOC")

liable for his alleged injuries sustained on or about June 15, 2006, and presumably for the

actions of the Adjustment Board when it found him guilty of assaulting an officer, and

failing to tape record the disciplinary hearing.  See Complaint, at pages 2 through 5.

      The law is clear that "agencies and departments within the District of Columbia

government are not suable as separate entities," unless provided statutory authority to sue

and be sued  *See Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222

(D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C.

1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp. 2d 20, 22

(D.D.C. 1992)); *see also Arnold v. Moore,* F. Supp. 28, 33 (D.D.C. 1997) ("governmental

agencies of the District of Columbia are not suable entities") (citing *Robertson v. District

of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*,

330 A.2d 250, 251, n.1 (D.C. 1974). The DOC was created as a District agency pursuant

to statute, and was not given the power to sue or be sued.  See D.C. Official Code §§ 24-

211.01, 24-211.02. et seq.   Because DOC has neither the power to sue or be sued,

plaintiff cannot maintain his cause of action against DOC.  Accordingly, DOC is not a

proper party defendant and dismissal of this lawsuit against is mandated by statutory law.

III.    **Substitution of the District of Columbia as the Proper Party Defendant
        would be Futile Since Plaintiff Has not Sufficiently Pled a Claim for
        Municipal Liability under 42 U.S.C. § 1983, Against the District.**

        Although the Court may substitute the District of Columbia government as the

proper party defendant for DOC, such substitution would be futile since plaintiff has not

pled a viable claim for municipality liability against the District.  See Complaint,

generally.  Municipal liability under 42 U.S.C. § 1983, is severely limited.  *See Monell v.

Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).  Municipal liability

results only when the municipality itself can be directly charged with fault for an

unconstitutional deprivation.  *See Wilson v. Lang*, 526 U.S. 603, 609 (1999); *Conn v.

Gabbert*, 526 U.S. 286, 290 (1999); *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.

5 (1985); and *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979), holding courts must

address the threshold issue in any action brought under § 1983: "whether the plaintiff has

alleged the deprivation of an actual constitutional right at all."  Therefore, municipal

liability results only when the policy or custom fairly attributable to the municipality is

the "moving force" behind the particular constitutional violation.  *See Polk County v.

*Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694).

Plaintiff's allegations are insufficient to hold the District liable under 42 U.S.C. § 1983, for his alleged injuries. There are no allegations that the District's customs, practices and/or policies were the moving force behind plaintiff's alleged June 15, 2006, assault by a correctional officer. Additionally, plaintiff has not pled that any District custom, practice or policy caused the Adjustment Board to find him guilty of assault on an officer and/or fail to tape the disciplinary proceeding. See Complaint, generally. In fact, based on the allegations in the Complaint, there is no municipal liability in this case. For example, plaintiff avers that he was assaulted by a correction officer when he refused to relinquish the use of the telephone during his recreation time. See Complaint, at page 3. Plaintiff admits that another officer verbally tried to intercede by telling the offending office to "take his hands off of [him]." See Complaint, at page 4. A "Sergeant Bernard Hall came into the room and ordered [the offending officer] to stop hitting [him]" *Id.* according to plaintiff, the assault did not cease until There simply are no factual allegations pled in the Complaint to support a municipal liability claim against the District. Accordingly, substitution of the District as the party defendant in this case is an exercise in futility. To the extent this Court substitutes the District as the party defendant, dismissal of plaintiff's claim is appropriate since *Twombly, supra,* requires a plaintiff to do more than recite bare conclusions and/or labels for his causes of action.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/ Patricia A. Jones_____
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


_____/s/ C. Vaughn Adams_____
C. VAUGHN ADAMS [449770]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **QUENTA ENNIS (#34408-007)** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil No.  08-0146  (HHK)** |
| **v.** ) | |
| ) | |
| **BOBBY LOTT,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

ORDER

Upon consideration of defendant D.C. Department of Corrections' Motion to Dismiss, plaintiff's opposition thereto, if any, and the record herein, it is this ____ day of _____, 2008, hereby

ORDERED:  that the D.C. Department of Corrections' Motion to Dismiss is hereby granted for the reasons set forth in its motion, and it is,

FURTHER ORDEREED: that the District of Columbia will not be substituted as a party defendant because plaintiff has not pled a viable claim of municipal liability pursuant to 42 U.S.C. § 1983, against the District.

_____
Judge

Copies to:

Mr. Quenta Ennis, #34408-007
FCI-Schuylkill
P.O. Box 759
Minersville, PA 17954

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **QUENTA ENNIS (#34408-007)** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.   08-0146  (HHK)** |
| **v.** | ) | |
| | ) | |
| **BOBBY LOTT,** *et al*. | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

<u>ORDER</u>

Upon consideration of defendant D.C. Department of Corrections' Motion to Dismiss, plaintiff's opposition thereto, if any, and the record herein, it is this ___ day of _____, 2008, hereby

ORDERED:  that the D.C. Department of Corrections' Motion to Dismiss is hereby granted for the reasons set forth in its motion, and it is,

FURTHER ORDEREED: that the District of Columbia is hereby substituted as the defendant in this action in lieu of the D.C. Department of Corrections, and it is

FURTHER ORDERED:  that this case is hereby dismissed against the District of Columbia with prejudice since plaintiff has failed to plead municipal liability against the District pursuant to 42 U.S.C. § 1983.

_____
Judge

Copies to:

Mr. Quenta Ennis, #34408-007
FCI-Schuylkill
P.O. Box 759
Minersville, PA 17954