**LET THIS BE FILED**

April 17, 2008

Quenta Ennis                    Henry Kennedy Jr
FCI Schuylkill                   5/16/08
P.O. Box 759                              Civil Action No. 08-0146
Minersville, Pa. 17954

Dear Honorable Judge Kennedy. Jr.

Your

Honor I'm sorry to have to bother you once again but I
came across two cases I'll like to quote in my defence. Defendant Ask
for order dismissing Plaintiffs complaint because DOC is Non Sui juris.
Section 1983 case called (Cruz vs. Beto, 405 U.S. 319, 322 (1972). In that case,
the court stated that a complaint "should not be dismissed for failure
to state a claim unless it appears beyond doubt that plaintiffs can prove
no set of facts in support of his claim witch would entitle him to relief"
In Conley vs. Gibson, 355 U.S 41, 45-46 (1957), the Supreme Court said
that in considering a motion to dismiss, a pro se complaint should be held
less strict standards than a motion drafted by a lawyer.

Thank You!
Quenta Ennis
Quenta Ennis

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**LET THIS BE FILED**

*Henry Kennedy 4*
*5/16/08*

| | | |
|---|---|---|
| Quenta Ennis | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil Action No. 08-0146 |
| v. | ) | (KENNEDY, J.) |
| | ) | |
| | ) | |
| Bobby Lott, et. al. | ) | |
| Defendants | ) | |

PLAINTIFF'S EXHIBITS IN SUPPORT OF COMPLAINT

Quenta Ennis
Reg No. 34408-007
FCI-Schuylkill
P.O. Box 759
Minersville, PA. 17954

DATE: MARCH 08, 2008

Medical Reports.........................................**Exhibit (A)**

Photographs of Injuries................................**Exhibit (B)**

Misconduct Reports.....................................**Exhibit (C)**

read → Adjustment Board Records..............................**Exhibit (D)** (read)

Adjustment Board Procedures Service Order(5300(1)(B))....**Exhibit (E)**

Sworn Affidavit of Witness LeVar Griffin................**Exhibit (F)**

I, Quenta Ennis, Plaintiff, do hereby swear and affirm under the penalty of perjury, pursuant to 28 U.S.C. 1746, that the aforementioned Exhibits as are mentioned therein the complaint, are true and correct copies; and the photographs being originals of the documents which are setforth as exhibits liste in this civil action.

Sincerely,

_Quenta Ennis_

Quenta Ennis, Plaintiff

Leona
2026242619

**DCDC_CDF - MMHS**
1901 D Street, S.E.  Washington, DC 20002
202-673-8445  Fax: 202-673-8010

*June 22, 2006*
Page 1
Chart Summary



Exhibit A

## Patient Information

| | | | | |
|---|---|---|---|---|
| **Name:** | QUENTA D ENNIS | | **Home Phone:** | 294987 |
| **Address:** | 1901 D ST. S.E. | | **Office Phone:** | |
| | WASHINGTON, DC   USA | | | |
| **Patient ID:** | 43874-0134001 | | **Fax:** | |
| **Birth Date:** | 05/19/1980 | | **Status:** | Active |
| **Gender:** | Male | | **Marital Status:** | |
| **Contact By:** | | | **Race:** | Black |
| **Soc Sec No:** | 251 | | **Language:** | |
| **Resp Prov:** | | | **Unit/Cell:** | |
| **Referred by:** | | | **Emp. Status:** | |
| **Email:** | | | **Sens Chart:** | No |
| **Home LOC:** | DCDC_CDF - MMHS | | **DCDC:** | 294987 |

## Problems

## Medications

## Directives

## Allergies
This patient has no known allergies.

## Services Due

EXHIBIT

(A)

Medical Reports

**DCDC_CDF - MMHS**
1901 D Street, S.E.  Washington, DC 20002
202-673-8445  Fax: 202-673-8010

*June 22, 2006*
Page 2
Chart Document



3 Disposition

REASON FOR ENCOUNTER
Emergency: No
Nursing Triage: Yes
CC & HPI: inmate came back for more pain pills after nose bleed following blow to the nose with bleeding
3 days ago.  nose bleed stopped last night.
Current Medication/s
MOTRIN 800 MG TABS 1 P.O TID X 3 DAYS PC PRN.


PERTINENT PHYSICAL EXAMINATION
Nose: abnormal
Details: no further bleeding


ASSESSMENT
Assessment: resolved nose bleed

PLAN
Plan: tylenol 325mg
FollowUp Recommended: SickCall prn
Disposition: Return to housing


**Signed by Robert J. Boakai  MD on 06/17/2006 at 11:12 AM**


**06/15/2006 - Imaging Report: NASAL BONES**
**Provider: A. Zellis  MD**
**Location of Care: RADIOLOGY**


RADIOLOGY PROCESSING

X-ray Type: Routine
X-ray Group: SKL
X-ray Ordered: NASAL BONES
Date Requested: 06/15/2006
Exam Status: Complete
Date of Exam: 06/15/2006
Technologist: R. Douglas

RADIOGRAPHIC REPORT

Radiologist: Dr. Zellis

**DCDC_CDF - MMHS**
1901 D Street, S.E. Washington, DC 20002
202-673-8445 Fax: 202-673-8010

*June 22, 2006*
Page 3
Chart Document



Report Date: 06/16/2006
Findings: Other Findings
Other Findings: Nasal Bones:
1: Undisplaced fx proximal one-third of nasal bones.
2: Nasal septum is in mid line.
Report Status: Complete


**Signed by T. Wilkins Davis MD on 06/19/2006 at 11:50 AM**

---

**06/15/2006 - Urgent Care: PA-C**
**Provider: Chantal Perrier-Taylor PA-C**
**Location of Care: Urgent Care**

INVOLVED IN AN ALTERCATION
HEENT- NOSE
        NASAL TURBUNATES WITH OOZING BLOOD
        + TENDERNESS SEPTUM TO PALPATION
XR + FX
A- NASAL BONE FX
P- ICE
   MOTRIN
   ENT REFERRAL

TAYLOR PA-C

**Signed by Mohan R. Mambalam MD on 06/16/2006 at 5:10 PM**
**Signed by Chantal Perrier-Taylor PA-C on 06/19/2006 at 10:55 AM**

---

**05/01/2006 - Urgent Care: urgent care**
**Provider: Thomas McLaughlin PA=C**
**Location of Care: Urgent Care**

REASON FOR ENCOUNTER
Emergency: No
Time Of Contact: 1725
CC & HPI: inmate escorted to uc for injury and trauma evaluation to be place
on lock up. no complaints at this time .

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**FEDERAL BUREAU OF PRISON**

**U.S. DEPARTMENT OF JUSTICE**

| TO:(Name and Title of Staff Member) | DATE: 10-4-06 |
|---|---|
| Medical | REGISTER NO.: 34408-007 |
| FROM: Quenta Ennis | UNIT: 3-A |
| WORK ASSIGNMENT: Kitchen | |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I am still having problems with my nose and breathing. Some time I wake up fighting for air. This is a big problem I've been scaryed to go back to sleep so I stay up sometimes at night. I need to know why I am having these problems with my breathing and why my nose is all ways stuffy. Please call me to sick call.

Thank you!
Quenta Ennis

(Do not write below this line)

DISPOSITION:

Pending X-R results.

| Signature Staff Member | Date 10-4-06 |
|---|---|

~~Pink Copy - Inmate~~ ... ~~~ replaces BP-148.070 dated Oct 86

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**

**FEDERAL BUREAU OF PRISON**

| TO: (Name and Title of Staff Member) | DATE: 09-11-06 |
|---|---|
| FROM: Quenta Ennis | REGISTER NO.: 34408-007 |
| WORK ASSIGNMENT: | UNIT: 3-A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I've been having problems with my nose. At Night when
I am sleeping, I some times will wake up with a nose bleed. This
has been a on and off thing. Also this problem is making it hard
for me to breath. And I am also awaking by real bad Head
ack and I am in deep pain. Please give me Something for this pain

Thank you!
Quenton Ennis

(Do not write below this line)

DISPOSITION:

You ok - making Sick call today 9/11/06
+ F/u yours Problems.

| Signature Staff Member | Date 9-11-06 |
|---|---|
| _Zabala_ | |

Record Copy - File; Copy / Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

Exhibit B



↑
SWOLLEN LEFT EYE

Exhibit B



BLACK EYE (LEFT)

Exhibit B



BLACK EYE (LEFT)

Government of the District of Columbia
DEPARTMENT OF CORRECTIONS
D.C. Detention Facility

**DISCIPLINARY REPORT**

Court
6/19/06

501/33

NAME _Quenta Ennis_    NUMBER _294-987_    LOCATION _UR-46 No 1_

CHARGE _Assault on Staff / lack of Cooperation_    CODE REFERENCE _Class I 6D  Class II 3C_

One June, 15, 2006 at approximately 10:40 AM while assisting Cpl. Rick Berry with putting Inmate Quenta Ennis #294-987 back in his cell. I told the inmate serveral time to hang the phone up; and that his time is up. Inmate pick up his soap dish and threw it at Cpl. Bobby Lott hitting him in the chest. Inmate was restrained and escorted to Infirmary by Sgt. Hall

Date _June 15, 2006_    20 _06_    Reported By: _Cpl. Bobby G. Lott_

Title _Senior Correctional Officer_

ADJUSTMENT BOARD ACTION

Chairman _____

Member _____

Member _____

Date _____ 20 _____

**EXHIBIT**

**(C)**

**Misconduct Reports**

Approved _____
Warden

IDPS-701

DCDC-1
EOR # ____

### D.C. DEPARTMENT OF CORRECTIONS
### EMPLOYEE REPORT OF SIGNIFICANT INCIDENT/EXTRAORDINARY OCCURRENCES
(Type or Print)

Institution: **CENTRAL DETENTION FACILITY**    Date: _June 15, 2006_

Employee Name: _Cpl. Rick Berry_    Title: _Correctional Officer_

Signature: _Cpl Rick Berry_    Supervisor: _Capt. Walter Coley_

Shift: _# 2 Shift_    Post: _North-one-_

Type of Occurrence: _Assault on Staff_    Location: _Upper Right Tier_

Time of Occurrence: _10:40 Am_

| Inmates Involved Name and DCDC | Staff Involved Name and Title | Witness Inmate and/or Staff |
|---|---|---|
| Quenta Ennis # 294-987 | Cpl. Rick Berry Correction | |
| | Cpl. Bobby Lott | |
| | Sgt. Brennad Hall | |
| | Cpl. Joyce Webb-Bailys | |

**Complete detailed description of incident ( if force was used, include events leading up to the use of force)**

On June 15, 2006 at approx. 10:40 Am I Cpl. Rick Berry told Inmate Ennis, Quenta #294-987 to get off the phone and that his time was over. Cpl. Bobby Lott came up to assist me with this problem, Cpl. Lott and I said several times to inmate to hang up the phone. Cpl. Lott hung up the phone and Inmate Ennis got mad and started to get physical with Cpl. Lott. Sgt. Hall Brennad separated them and told Cpl. Lott to step back Inmate Ennis then pick up some thing and threw it at Cpl. Lott hitting him.

DCDC-1
EOR#_____

**Actions Taken (In chronological order with times listed)**

INMATE WAS RESTRAINED By Sgt. Hall and Myself.
Cpll. LOTT was Told To STEP Back

**Descriptions of Weapons, if any. (Include photocopy if possible)**

Look Like A SOAP Dish or SOMETHING

**Describe injuries to staff or inmates and medical attention required (if any)**

Cpl. LOTT was HIT in the CHEST or FACE
INMATE was ESCORTED To Infirmary with a Blooded Nose

**If force was used, describe type, (i.e. physical, chemical agent, baton, etc.)**

Cpl. LOTT and INMATE WAS SEPARATED and INMATE was
PUT in RESTRAINTS

DCDC – 1
EOR # ____

### D.C. DEPARTMENT OF CORRECTIONS
### EMPLOYEE REPORT OF SIGNIFICANT INCIDENT/EXTRAORDINARY OCCURRENCES
(Type or Print)

Institution: **CENTRAL DETENTION FACILITY**        Date: JUNE 15 2006

Employee Name: JOYCE WEBB-BRIDGES   Title: CORPORAL

Signature: _____   Supervisor: CAPT WALTER COOLEY

Shift: 8AM (DAY SHIFT)        Post: NORTH ONE

Type of Occurrence: _____   Location: UPPER RIGHT TIER
T.V. ROOM
Time of Occurrence: 10:40

| Inmates Involved Name and DCDC | Staff Involved Name and Title | Witness Inmate and/or Staff |
|---|---|---|
| ENNIS ORENTA 294-987 | CPL BOBBY LOTT | CPL RICK, BERRY |
|  | SGT BERNARD HALL | SGT BERNAR, HALL |
|  | CPL RICK, BERRY | CPL BOBBY, LOTT |
|  | CPL WEBB-BRIDGES JOYCE | CPL WEBB-BRIDGES JOYCE |

**Complete detailed description of incident ( if force was used, include events leading up to the use of force)**

ON JUNE 15, 2006 AT APPROXIMATE 10:40 AM
THIS WRITER CORPORAL WEBB-BRIDGES WAS ON
DUTY IN NORTH ONE IN THE CONTROL BUBBLE OF
THE UNIT. CPL R. BERRY STATED TO INMATE ENNIS
ORENTA DC#294-987 THAT HIS RECREATION WAS OVER.
ENNIS REFUSED TO STOP TALKING ON THE PHONE.
I CALL CPL LOTT AND STATED THAT CPL BERRY
WAS HAVING A PROBLEM WITH INMAT ENNIS.
CPL LOTT ATTEMPTED TO ASK ENNIS TO STOP TALKING
ON THE PHONE, INMAT ENNIS REFUSED, ENNIS
BEING FIGHTING CPL R. BERRY AND CPL LOTT

DCDC – 1
EOR # _____

**Description of Incident (continued)**

AND SGT HALL. SGT B. HALL WAS IN
THE UNIT AT THE TIME AS ACTING
LIEUTONANT. INMATE ENNIS ONELTA DCDC
894-987 WAS ESCORTED TO THE
INFIRMARY BY SGT B HALL.

DCDC-1
EOR#____

D.C. DEPARTMENT OF CORRECTIONS
EMPLOYEE REPORT OF SIGNIFICANT INCIDENT/EXTRAORDINARY OCCURRENCES
(Type or Print)

Institution: **CENTRAL DETENTION FACILITY**          Date: _June 15, 2006_

Employee Name: _Bobby Lott_          Title: _Senior Correctional Officer_

Signature: _Bobby Lott_          Supervisor: _Capt Walter Coley_

Shift: _#2 Shift_          Post: _North - One_

Type of Occurrence: _Assault on Staff_          Location: _Upper Right Tier_

Time of Occurrence: _10:40 Am_

| Inmates Involved Name and DCDC | Staff Involved Name and Title | Witness Inmate and/or Staff |
|---|---|---|
| Ennis, Quenta 294-987 | Cpl. Bobby Lott Sen. Correctional Off. | |
| | Cpl. Rick Berry Correctional Officer | |
| | Sgt. Bernard Hall Acting Zone LT. Su | |
| | Cpl. Joyce Webb-Bridges | |

Complete detailed description of incident ( if force was used, include events leading up to the use of force)

On June 15, 2006 at approximately 10:40 Am. Inmate Ennis, Quenta #294-987 was out for his 30 min. Rec. and Shower Time. Cpl. Rick Berry was having a problem getting Inmate Ennis off the phone. I told the inmate serveral times to hang up the phone. Inmate Ennis started cursing Cpl. Bobby Lott when the phone was hung up. Sgt Hall responded to the upper T.V. Room and assisted both Cpl Berry and I with putting Inmate Ennis back in from Rec. Sgt. Hall told me to step back and Inmate Ennis picked up his soap dish and threw it at Cpl. Lott hitting him in the upper part of his chest. Inmate was restrained

DCDC-1
EOR#_____

**Actions Taken (In chronological order with times listed)**

INMATE WAS RESTRAINED and ESCORTED TO Infirmar

**Descriptions of Weapons, if any. (Include photocopy if possible)**

THREW A SOAP DISH

**Describe injuries to staff or inmates and medical attention required ( if any )**

Cpl. Bobby LoTT's Right Hand SWOLLEN and INMATE
NOSE BLEEDING.

**If force was used, describe type, (i.e. physical , chemical agent, baton, etc.)**

DCDC - 1
FOR # _____

**Description of Incident (continued)**

AND ESCORTED TO THE INFIRMARY.

## Johnson, James (DOC)

**To...**   White, Elbert D. (DOC); Waldren, Stanley (DOC); Clay, Robert E. (DOC); Britton, Patricia (DOC); Brown, Devon (DOC); Coley, Walter (DOC); Ames, Betty (DOC); Young, Beverly (DOC); Nelson, Gloria (DOC); Thomas, Sallie (DOC); Collins, Ben (DOC); Patten, Wanda (DOC); Hendrix, George (DOC); Powell, Genester (DOC)

**Cc...**   Sgt Benerd Hall

**Bcc...**

**Subject:**   Assault On Staff/ Cpl Bobby Lott

**Attachments:**

On Thursday june 15, 2006 at appromatily 10:40 am in North One unit while on security check. I observed a problem with inmmate Ennis Quenta DCDC # 294987 cell # 46. Cpl Rick Berry and Cpl Bobby Lott were their. Upon entering the room it was explain to me his rec time was over . Inmate Ennis refused to return to his cell. I then directed  him to return to his cell and all officer to back up . In a rage the inmate picked up a bar of soup and threw it at Cpl Lott striking him in the face and chest area. a blow was exchanged hitting inmate in the face area . The above inmate was taken to medical for treatement. the union notified also threatment for staff.



THE
PUBLIC
DEFENDER
SERVICE
*for the District of Columbia*



CHAMPIONS OF LIBERTY

Avis E. Buchanan
*Director*

Peter A. Krauthamer
*Deputy Director*

**BOARD OF TRUSTEES**

Cynthia D. Robbins
*Chairperson*

Jo-Ann Wallace
*Vice Chairperson*

Thomas L. Bowen

Emilio W. Cividanes

Claire M. Johnson

Hannah Jopling

Karl A. Racine

Jeffrey D. Robinson

Joan Strand

Donald R. Vereen, Jr.

Robert L. Wilkins

633 Indiana Avenue NW

Washington, DC 20004

Tel (202) 628-1200

(800) 341-2582

TTY (202) 824-2531

Fax (202) 824-2784

www.pdsdc.org

June 30, 2006

**BY FAX:**
(202) 698-4877

Robert Clay, Warden
Central Detention Facility
1901 D Street, S.E.
Washington, D.C. 20003

**EXHIBIT**

**(D)**

**Adjustment Board Records**

RE:    **Quenta Ennis, DCDC No, 294-987**

Dear Warden Clay:

Pursuant to the *Adjustment Board Procedures Detention Services Order 5300.1B* (hereafter *Service Order 5300.1B*), I am writing to appeal the decision of the Adjustment Board made on Tuesday, June 27, 2006, which found Mr. Ennis guilty of the following Code offenses: Class I Sec. 6(d) and Class II Sec. 3(c).[1] Mr. Ennis is alleged to have thrown a plastic soap-dish at Cpl. Bobby Lott's chest. The Adjustment Board punished Mr. Ennis to thirty (30) days loss of privileges, effective June 15, 2006, and will continue to house Mr. Ennis in the Adjustment Segregation Unit until at least July 15, 2007. Mr. Ennis now appeals the Adjustment Board's decision and punishment. Here, Mr. Ennis strongly disagrees with the Adjustment Board's decision and recommended action.

The continued confinement and punishment imposed on Mr. Ennis is unlawful. First, the Service Order 5300.1B states that penalties for Class I offenses include "sanctions available to major and minor offenses." *Id.* at 11. The Service Order 5300.1B further states that penalties for Class II (major) offenses are:

1. Reprimand and Suspension
2. Recreation restriction
3. Visitor restriction
4. Extra duty
5. Change in Housing
6. Confinement in Adjustment Unit, not to exceed fourteen (14) days

*Id.* at 13. The Adjustment Board sentenced Mr. Ennis to thirty (30) days "loss of privileges." "Loss of privileges" does not appear on the above list of penalties and is, therefore, an invalid sanction. Thus, the Adjustment Board's punishment of Mr. Ennis should be dismissed.

Furthermore, as stated above, under the Service Order 5300.1B, the maximum penalty for Class I and Class II offenses is "not to exceed fourteen (14) days" in the Adjustment Segregation Unit. *Id.* at 13. Prior to the alleged offense on June 15, 2006, Mr. Ennis was housed in North 1. On June 15, 2006, because of the charges in the DR, Mr. Ennis was transferred to South 1, which is a more restrictive unit. The Adjustment Board only punished Mr. Ennis to "thirty (30) days loss of privileges" and, therefore, Mr. Ennis should have been transferred back to North 1. As a result, by continuing to confine Mr. Ennis in South 1, Mr. Ennis is being

---

[1] Counsel intends to secure a written copy of the Board's findings. See Wolf v. McDonnell, 418 U.S. 539 (1974); Smith v. Moore, 749 A.2d 132 (DC 2000). In the absence of said copy, counsel submits this appeal without the benefit of written findings. Consequently, counsel reserves the right to amend this appeal after receipt of the written findings.

punished beyond the scope of both the Service Order 5300.1B and the punishment determined by the Adjustment Board.

At the Adjustment Board hearing, Mr. Ennis appeared with law clerk, Anna Dey, and undersigned counsel as his attorney representatives. His representative issued a general denial of all of the allegations contained in the Disciplinary Report. The Adjustment Board produced DCDC-1 reports filed by Cpl. Bobby Lott, Cpl. Rick Berry, and Cpl. Joyce Webb-Bridges, and an informal report by Sgt. Bernard Hall.[2] These reports that the Adjustment Board read into the record[3] and that the Board relied on to make their decision, were incomplete and filled out incorrectly. There are several inconsistencies between the above listed reports, and between those reports and the Disciplinary Report, all of which formed the basis for the Adjustment Board's decision.

First, Cpl. Webb-Bridges stated in her DCDC-1 that she was in the "control bubble" at the time of the incident and, from the bubble, she heard Cpl. Berry say to Mr. Ennis that "his recreation was over." Given that the alleged incident occurred on the upper right tier of North 1, it is impossible that Cpl. Webb-Bridges would have been able to hear any of the verbal statements she reported she heard.

Second, each of the officers alleged that Mr. Ennis threw a different object at Cpl. Lott. Cpl. Lott alleged that Mr. Ennis threw a soap-dish. Cpl. Berry alleged that Mr. Ennis threw "some thing." Sgt. Hall alleged that Mr. Ennis threw a bar of "soap." Cpl. Webb-Bridges alleged that Mr. Ennis did not throw anything and instead began fighting Cpl. Lott. The instructions on the DCDC-1 forms state that the reporting officer must completely describe the incident and specifically asks for the circumstances surrounding any use of force. Not only did every single one of the officers fail to report why Mr. Ennis needed to be escorted to the infirmary and that Mr. Ennis received a fractured nose, but every single officer failed to report the significant fact that Cpl. Lott used serious force on Mr. Ennis at all.

Third, Mr. Ennis was found guilty of Class I Assault on an officer. The Service Order 5300.1B does not provide an actual definition of assault under Sec. (d). However, if Sec. (d) is read in context with Secs. (a)-(c), it is clear that a Sec. (d) assault contemplates bodily injury or serious bodily injury.[4] There is no indication in the DR that Cpl. Lott sustained any bodily injury or serious bodily injury as a result of allegedly being hit in the chest with a soap-dish. In fact, all of

---

[2] Counsel was not provided with a copy of either the DCDC-1 reports or the informal report and, therefore, reserves the right to amend this appeal upon receipt of those reports.

[3] The Adjustment Board hearing was not recorded nor were any form of minutes made in accordance with the Service Order 5300.1B, because the Board stated they didn't have any batteries for the tape recorder. _Id._ at 24.

[4] Courts generally construe assault criminal statutes _in pari materia_ ( the doctrine of _in pari_ material states that to determine the meaning of a particular statute, the court should look at surrounding statutes to determine meaning). See e.g. State v. Carter, 491 N.E.2d 709,713-714 (Ohio App. 1985) (construing aggravated assault statute _in pari materia_ with felonious assault statute); State v. Miller, 121 N.W.2d 39, 42 (Neb. 1963) (construing rape statute _in pari materia_ with felonious assault with intent to commit a rape statute). Although these cases deal with the construction of criminal statutes, "[c]ourts generally construe administrative regulations by the same rules that apply to the interpretation of statutes." J. Frog, Ltd. v. Fleming, 598 A.2d 735, 737 -738 (D.C. 1991)

the officers specifically reported that it was Mr. Ennis who was escorted to the infirmary.[5]

Lastly, Mr. Ennis was found guilty of Disrespect Class II 3(c), which is defined as "willfully disobeying a valid order of a correctional officer." Id. at 12. At the time of the alleged incident, Mr. Ennis was being housed in North 1, where Mr. Ennis was given thirty (30) minutes of recreation time per day and where phone calls are limited to fifteen (15) minutes. Mr. Ennis left his cell for his recreation time, and was on the phone for what, according to the regulations, could not have been longer than fifteen (15) minutes. When Cpl. Berry attempted to put Mr. Ennis back into his cell, Mr. Ennis in fact still had fifteen (15) minutes left for recreation time. Therefore, Cpl. Lott's instruction for Mr. Ennis to return to his cell was not a valid order.

Mr. Ennis appeals the Board's decision to find him guilty of both charges, the punishment of thirty (30) days loss of privileges, and his continued confinement in South 1, because the Board based their decision on incorrectly completed reports, "loss of privileges" is not a valid penalty under the Service Order 53001B, and the Board did not punish Mr. Ennis to any time in Adjustment Segregation. For the foregoing reasons, Mr. Ennis requests that you reverse the Adjustment Board's decision, not impose the 30-day loss of his privileges, and not continue to confine him in South 1. Thank you for your time and consideration. If you have any questions, please feel free to contact me at (202) 824-2366.

Sincerely,

*Almo Carter* (BKR)

Almo J. Carter, Esq.
Staff Attorney
Institutional Services Program


cc:      Brenda Baldwin-White
         General Counsel, Department of Corrections

         Quenta Ennis


AJC/ad

---

[5] Counsel introduced, at the Adjustment Board hearing, three specific pages of Mr. Ennis's medical records which showed Mr. Ennis's fractured nose. These records were introduced for sole purpose of showing Mr. Ennis received a fractured nose. This is not a general waiver of other documents relating to Mr. Ennis's health, mental health, or health status. Counsel also introduced color photographs of Mr. Ennis's injuries taken one (1) week after the incident.

EXHIBIT

(F)

Sworn Affidavit of Witness:

LaVar Griffin

### Affidavit

Washington  State    )
                      )    Scilicet
County of D.C.        )
                      )

"Indeed, no more (affidavits is necessary to make the prima facie case." United States v. Kis, 658 F.2d, 526, 536 (7th Cir. 1981); Cert. denied, 50 U.S. L.W. 2169; S.Ct. March 22, 1982.

THAT, I, _LaVAR GRIFFIN_____ , a living breathing man (or woman), being first duly sworn, depose and say and declare by my signature that the following facts are true to the best of my knowledge and belief.

THAT on June 15th 2006, at around 10:00 am I observed the assault on one Quenta Ennis that took place in North One Section of D.C. Jail. I, _LAVAR GRIFFIN_____, was also housed in North One which is the detail unit. Also, I, _LAVAR GRIFFIN_ saw Mr. Quenta Ennis being held by Capt. Rick barry when Capt. Bobby Lott started to punch Mr. Quenta Ennis in the face several times.

Further Affiant sayth not;

Dated this _3_ day of _Aug_, 2007        _____
                                                       - Affiant

### Acknowledgement

SUBSCRIBED AND SWORN before me on this _3rd_ day of _August_, 2007 whose name subscribed to the within instrument and acknowledged to be the same.

_William E. Rasinger_____
Notary Public  in and for said State;

My Commission expires; _march 20, 2010_ .

Commonwealth of Pennsylvania
NOTARIAL SEAL
WILLIAM E. RASINGER, Notary Public
Minersville Borough, County of Schuylkill
My Commission Expires Mar 20, 2010

Commonwealth of Pennsylvania
NOTARIAL SEAL
WILLIAM E. RASINGER, Notary Public
Minersville Borough, County of Schuylkill
My Commission Expires March 20, 2010