UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUENTA ENNIS
    Plaintiff

v.

BOBBY LOTT, et al
    Defendants

Dkt. No. 08-0146 (HHK)

A Civil Action 42 USC § 1983

Traverse In Reply :
To Defendants' Opposition
To And Request To Dismiss Claim

RECEIVED
JUN 5 – 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COMES NOW, the above cited Plaintiff in this civil action in the case as captioned and MOST RESPECTFULLY files this Traverse Reply to the Defendants' Opposition to his claims as fielded in pro-se, inmate litigant form as supported by <u>Antonelli v. Sheahan</u>, 81 F. 3d. 1422, 1427 (7th Cir. 1996) and <u>Matzker v. Herr</u>, 748 F. 2d. 1142, 1146 (7th Cir. 1984) wherein no matter how inartful his previous and instant pleadings may be the receiving court has the duty to consider same while construing such in liberal form, thereby lending clarification to the intent and proper legal conclusions as are to be drawn therefrom regarding the Plaintiff's filings overall. The Plaintiff also files this entry in lieu of a "Leave To File" for extension, and or an Order from this court granting an extension, as the Plaintiff also some time ago requested an extension of time in layman's primitive terms and has yet to receive word on this subject, officially. Hence, to pres-

-1-

erve his legal rights and the solvency of his action and claims he files the instant action if it please the court.

This entry is very important in that the Plaintiff is seeking to nullify the Defendants' request to dismiss <u>with prejudice</u>, his instant action. The Plaintiff has suffered great physical damage and emotional harm as based on his claims and he wishes to continue to seek redress for same in this forum.

Most succinctly and the purposes of this action, the reason cited for the above referred to dismissal being sought lays in; " That the defendant(s) named is not a proper party to the suit as lodged and that the herein Plaintiff has also supposedly not pled in proper form his action in conformance with a municipal liability claim under 42 USC 1983 as against and naming the District Of Columbia." In contrast to this, Plaintiff offers that he is indeed and in fact in compliance with these requirements as defined by Fed. Rules Civil Pro. Rule 12(b)(6), and that his action has been misinterpreted for convenience sake by the Defendants noted. By virtue of the below argument and comment, Plaintiff can demonstrate such quite effectively.

The Defendants stated that the (agency) of the District Of Columbia Government per se <u>is not</u> able to be sued as the representing entity, unless allowed by statute to be sued. Then, the argument shifts to include that if and when a "substitution would or could be made" correcting (or at least attempting to do so legally) for the proper party for suit, that this act would neither be viable because the innate liability of the entity correctly sued as noted would be so very limited so as to preclude the Plaintiff's very action intended.

Here, liability ONLY stems from according to the Defendants, the District Of Columbia in its municipality liability permitted in the form of "where a policy or custom there fairly attributable to the municipality itself (D.C.) acts as the moving_force behind the violations alleged or constituted in accordance with Polk_v._Dodson, 454 US 312, 326(1981) [And as citing Monell at 436 US at 694]." This can be seen as evident regarding Plaintiff Ennis' assault as claimed for damages in the year 2006 by and through both practical events and record-born data as well as via "The failure to adequately train" both the assaulting officer (corrections) and their superiors cited as well as while seen in reference to the "Adjustment Board", its members and their likewise failure to properly serve notice of disciplinary actions and the lack of something as simple of batteries for use in recording those hearings as between the Plaintiff and The Board. [See: For underlying failure to train as the base for acceptable municipal claims via suit in Erwin_v._Co._Of_Manitowoc, 872 F. 2d. 1292 (7th Cir. 1989) and Petricbko_v._Kurtz, 52 Fed. Supp. 2d. 503 (ED Pa. 99) and Hearn_v._Morris, 526 Fed. Supp. 267 (ED Ca. 81) ] Each of the Plaintiff's claims is in reality and as was crudely, previously intended or pled (and now clarified via Traverse) based upon the "failure to adequately train" premise in law. This is affirmed due to the also recently discovered (and originally suspected) presence of a very similar grounds[1] based [CLASS ACTION (AND SEPARATE PLAINTIFF) BASED] series of civil suits and associated filings by other D.C. DOC former inmates alleging and affirming abuse of their persons by guard staff there, named as def-

endants as pled their cases in so similar forms to the instant Plaintif's to be nearly identical in allegations and circumstances for the participating and offending parties cited. Thereby also showing (and since their actions also pre-dated the herein Plaintiff, Ennis' claims and chronological happenings or incidents shown) that an obvious and left to go uncorrected <u>lack-of-training</u> (adequate in the sense to abate the beatings and inappropriate assaults that continued from other Plaintiffs to the now Plaintiff Ennis...linked to racial sensitivity, the proper application of force, the training to police by superiors;this type of physical altercation prone behavior by guards there , etc. etc. ...) existed both prior to and as with the incident which led the instant Plaintiff Ennis to actually file suit for the damages he suffered(not unlike those suffered by previous plaintiffs) as noted in this case, previously elaborated upon. If adequate training was indeed fostered and provided to the employees at the D.C. DOC facility, then Ennis' assault would not have happened and the <u>other</u> (pre-dated to Ennis' incident) plaintiffs would have had no reason to sue in the first place. This is only logical in and of itself sufficient to prove the Plaintiff Ennis' case at hand at Bar. Hence the instant Traverse defending and highlighting same. The question of the Adjustment Board and its cited actions is self-explanatory in that it is well understood if the higher degree of "training" needed to avoid and remedy physical guard on inmate unwarranted violence as was present, then it is only logical that the Board should have been trained to have simple batteries on hand for a hearing event, important for the permanent record...as this and for the placement of same in a tape-recorder for usage is so basic as to be the learned work of a circus

monkey let alone a Board comprised of supposedly professional correctional staff. This is a great big given. One would think it at least unless the purpose would be to <u>hide</u> the entire scene of events and therefore also try to belittle the Board's action in this matter as if they were insignificant, and then erase the Plaintiff's suit for ulterior motive. We hope that this is not either the Defendant's or the Court's purpose here.

Via the official (obviously or the lack of them since chronologically guard on inmate violence took place as described) policies that exist [<u>See</u>: <u>Hearn v. Morris</u>, <u>Supra</u>.] personal liability can also be established for each of the Defendant-Guards cited. Here, they had actual physical presence, knowledge and acquiesence to the acts alleged and this in and of itself <u>supported</u> the [<u>Cox v. Treadway</u>, 75 F. 3d. 230 (6th Cir. 1996)] unworthy policies seen in constitutional violation terms as described and the beating realized. There was an obvious failure to establish policies or procedures for KNOWN PROBLEMS existant in the form of the beatings already seen there, and all parties from the actors cited; to the other employees and supervisory staff were and are responsibile and liable, legally here. The aforementioned also constitutes a regulatory duty, in that it is doubtful that there is no "regulation" against unwarranted guard on inmate violence anywhere. No immunity exists for the actors or the "municipality" at this rate. Such "beating" conduct violated the U.S. Constitution and it known or "should have been known" by all parties active.

Given this backdrop, and with witnesses to what the named guard Defendants did to Ennis (to come forward when needed, hopefully at trial and in the <u>Press</u> meanwhile...) not only is the Plaintiff's

original civil filings immensely appropriate, but also the District of Columbia and all substitute form Defendants imagined, CAN AND SHOULD be so substituted with the suit itself proceeding past Summary Judgement and all attempts at dismissal. To do otherwise for any reason would be against the interests of justice.

In the above, it is just that inexperienced in law, that the Plaintiff did not express himself adequately. By law and case law support, however the instant Court has the duty to construe his pleadings as corrected with <u>this</u> filing. Labels and other data do not matter.

Proof of the above and the preceeding come to the Court in Plaintiff's Page 2 (Original Filing) where all parties named "D.C. Dept. Of Corrections" meant and should mean "The District Of Columbia" as these labels are understood to be synonomous to the layman. Furtheremore Plaintiff uses; "prison of District Of Columbia" in defining form in his text "as responsible for the safety, security, entity" then also alluding to the "care and maintainence" of all inmates to mean those POLICIES and CUSTOMS which may be used for these purposes, etc. This, in the same context where Lott and Berry, and the Dept. Of Corrections and District Of Columbia are concerned as named. There should be no confusion, unless it would be ulteriorly motivated and designed to simply make the Plaintiff's suit "go away".

Plaintiff's Page 3 entry (of his original pleadings) Docketed 1/8/08 also cites, correctly and plainly; "as being legally responsibile for the hiring and <u>training</u>, supervising and discipline of <u>all</u> correctional employees of the District Of Columbia 'CDF', with D..C. understood to be the Central Detention Facility itself." Moreover

the; by the record alone, Adjustment Board served the Plaintiff incorrectly as to Procedure For Service Order No. 5300(1)(B) as seen cited in Page 5 of the Plaintiff's original Complaint filed. [Also See: Plaintiff's mislabled page enumeration 6("5")] , returning to allude to the also lack of batteries for the hearing recorder concept. Plus, Plaintiff's Section VII, or for legal claims stated "8th Amendment violations alleged via Lott, Berry and the DOC, D.C. CDF, as overseeing (to also imply training and supervision, or customs and philosophy, etc.) for all its employees and also Lott and Berry, as well as 14 Amendment violations, to include the First Amendment" where the Plaintiff's incident and allegations are seen as trying to be "gagged" and prevented or obscured and hindered by the entire process thus far by all parties, now with their enlisting the Court to do so, perhaps to save municiple embarrassment and other liabity suits. Also to be vividly rembered is that each party named is "sued in their individual and official capacities."

In this action, the Court (District) has to discern the basis of the motions from the Plaintiff, from the character of the arguments presented therein [See: Teal v. Eagle Fleet, Inc. 933 F. 2d. 342, 347 (5th Cir. 1991) in general. And with the Court also determining the motion's essence as it should be to include suit filings, via the allegations and circumstances fielded in it. [See: Sanders v. Clenco Ind., 862 F. 2d. 161 (8th Cir. 1988). There can be no escape from these court responsibilities to the inmate litigant or the layman. Any reasonable Defendant should have known that what was done violated the law and Constitution, [See: US v. Lanier, 520 US 259, 270 (1997), as it was apparent [See: Anderson v. Creighton,

-7-

483 US 635, 640 (1987). It was impossible for all parties to ignore the U.S. 8th Amendment here. Qualified immunity also falls by the wayside here for the Defendants should they attempt to later plead such. Thereby providing for monetary relief for Ennis under 42 USC § 1997(e). Summary Judgement is also inappropriate in that Plaintiff can and will prove all of his allegations via Branlan v. Meachum, 77 F. 3d. 626, 628 (2nd Cir. 1996) for FRCP 12(b)(6), negating any dismissals. [Also Quoting: Staron v. McDonald's Corp., 51 F. 3d. 353, 355 (2nd Cir. 1995).] Also qualifying via: Candelaria v. Griefinger, 1998 US Dist. Lexis (ND NY) citing Easton v. Sundram, 5531 at *5 947, F. 2d. 1011,1014 (2nd Cir. 1991) for Civil Rights characterized violations, etc. Genuine issues of material fact exist in this suit and they could effect the outcome of the suit itself, as sufficient data exists for each claim alleged in the pleadings, where a reasonable judge and jury would find in favor of the herein Plaintiff Ennis. Just look at the photos of his face and other injuries as proof. [See: Anderson v. Liberty Lobby, Inc. 477 US 242, 248(1986)] and [See: Wolff v. City Of Ficthburg, 870 F. 2d. 1327(7th Cir. 1989)] Defendants can not defend using Celotex Corp. v. Cattrett, 477 US 317, 106 S. Ct. 2548; 91 L. Ed. 2d. 265(1986), for there is no abject absence of material fact(s) issues from which to chose and show, etc. Ennis' data and pleadings demonstrate quite the opposite.

    The evidence speaks volumes in favor of the Plaintiff's suit and the Defendants' current attempt to nix his case through technicalities as they imagine or wish them to be(contrary to what the Plaintiff actually pled or argued in his filings...) is reprehensible.

## Conclusion

As based on the previous pleadings and claims filed, upon which the instant Plaintiff strongly still stands for their true meaning and effect, and as per the instant entry in Traverse, the Plaintiff Ennis requests that the Defendants' dismissal efforts be negated and struck down, allowing his action to proceed to trial and verdict judgement for the remedies previously cited, etc.

Most Respectfully Submitted,

Dated: May-29,2008

And as presented pursuant to
28:876 via AFFIANT ENNIS

Quenta Ennis, Pro-Se PLAINTIFF
REG# 34408-007
FCI Schuylkill  POB 759
Minersville, Pa. 17954 USA

*Quenta Ennis*

1
 And where previous civil action(s) were lodged with the records forthcoming as docketed and by name FOR: Data and names, suit numbers, etc. FORTHCOMING under separate cover to compliment this work, etc.
  [With additional data to be presented with witnesses in the proceedings when appropriate, etc. Available upon request]

## Certificate Of Service

I, Quenta Ennis, the pro-se plaintiff in the action (Civil) Dkt. No. 08-0146 USDC For D. Of Columbia as detailed DO HEREBY SWEAR TO AND AFFIRM THAT I HAVE SENT a true and correct copy of my "Traverse Motion To Defendants' Opposition..." to the below noted parties; postage pre-paid via US First-Class Mail and as per 28 USC § 1746 TO:

Clerk Of Court USDC
For Dist. Of Columbia
E. Barrett Prettyman
USCourthouse
333 Constitution Ave., NW
Wash., DC 20001-2866

Peter J. Nichles, Esq.
c/o C. Vaughn Adams Inerim Atty.
General For Dist. Of Columbia
No. 449770 Asst. A.G.
441 4th Street, NW (6th Flr. South)
Wash., DC  20001

Dated: May-29,2008

Most Respectfully Submitted,

Quenta Ennis, Pro-Se Plaintiff
REG# 34408-007   FCI SCHUYLKILL
POB 759 MINERSVILLE, PA. 17954

*Quenta Ennis*

-9-