IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUENTA ENNIS (#34408-007)   ) | |
|   ) | |
|   Plaintiff,   ) | |
|   ) | Civil Action No. 08-0146  (HHK) |
| v.   ) | |
|   ) | |
| BOBBY LOTT, *et al.*,   ) | |
|   ) | |
|   Defendants.   ) | |
| _____) | |

## DEFENDANT RICK BERRY'S MOTION TO DISMISS

Defendant Rick Berry, by and through counsel, herein moves to dismiss plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because he has failed to state a claim against this defendant for which he is entitled to relief.  Plaintiff seeks to hold this defendant liable under 42 U.S.C. § 1983, but has failed to state any conduct which rises to the level of constitutional misconduct.  Additionally, this defendant would be entitled to qualified immunity for his complained about conduct.

More detailed grounds for the instant motion is hereto attached in the memorandum of points and authorities.

                                             Respectfully submitted,

                                             PETER J. NICKLES
                                             Interim Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General,
                                             Civil Litigation Division

                                               */s/Patricia A. Jones*
                                             PATRICIA A. JONES [428132]
                                             Chief, General Litigation Sec. IV

        */s/C. Vaughn Adams*
C. VAUGHN ADAMS [449770]
Assistant Attorney General
Sixth Floor South
Washington, D.C. 20001
(202) 724-6519; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  corliss.adams@dc.gov

Attorneys for Defendant Berry

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June, 2008, I served a true copy of the foregoing Motion to Dismiss Plaintiff's Complaint, postage pre-paid to

    Mr. Quenta Ennis, #34408-007
    FCI-Schuylkill
    P.O. Box 759
    Minersville, PA 17954

       /s/ C. Vaughn Adams
       C.Vaughn Adams
       Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUENTA ENNIS (#34408-007)   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | Civil Action No. 08-0146  (HHK) |
| v.   ) | |
| ) | |
| BOBBY LOTT, *et al.*,   ) | |
| ) | |
| **Defendants.**   ) | |
| _____) | |

**DEFENDANT RICK BERRY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS**

In support of his Motion to Dismiss, defendant Rick Berry herein submits his memorandum of points and authorities.

PRELIMINARY STATEMENT

Plaintiff Quenta Daemon Ennis was housed at the D.C. Central Detention Facility on June 15, 2006, awaiting transfer to the Federal Bureau of prisons. *See* Complaint, generally.  Plaintiff avers that defendants Bobby Lott and Rick Berry were Corrections Officers employed by the District of Columbia and on duty on June 15, 2006. *Id.* Plaintiff alleges that during the morning of June 15, 2006, he was asked to conclude his time on the telephone by both defendants Berry and Lott. Complaint, at page 3. Plaintiff avers that because he did not promptly comply with Defendant Berry or Lott's command to conclude his phone conversation, defendant Lott physically assaulted him.  Complaint, at page 3.  Although defendant Berry attempted to intercede by telling defendant Lott to take his hands off of him, he did not physically stop the assault. Complaint, at page 4. Plaintiff alleges that the assault continued until "Sergeant Bernard Hall came into the room and ordered [the offending officer] to stop hitting [him]". *Id.*.  Plaintiff claims he

sustained injuries as a result of the assault. *Id.*

Plaintiff claims that he was charged with several disciplinary offenses related to the June 15, 2006, incident, including throwing a soap dish at Defendant Lott. Plaintiff avers that he was found guilty of these offenses. Complaint, at page 5. According to plaintiff, the Adjustment Board did not record the proceedings as required because no batteries could be found for the tape recorder. *Id.*

Plaintiff brought suit under 42 U.S.C. 1983, against the Department of Corrections, Bobby Lott and Rick Berry, alleging violations of his 8th Amendment rights under the Constitution for cruel and unusual punishment and the use of excessive force and his rights under the 1st and 14th Amendments stemming from what he considers an unfair hearing before the D.C. Jail's Adjustment Board. See Complaint, generally.

For the following reasons, defendant Berry is entitled to dismissal of this Court action.

## Argument

### I.     Standard of Review Under Fed. R. Civ. P. 12(b)(6).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is to construe the facts on the face of the complaint in the light most favorable to the non-moving party and to accept as true the allegations in the complaint. *See, Fred Ezra Co. v. Pedas*, 682 A.2d 173, 174 (D.C. 1996) (citations omitted). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly.,* 127 S.Ct. at 1964-65. "When the allegations in a

complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 16 F.3d 1271, 276 (1994).

## II.     **Plaintiff May Not Maintain His Cause of Action Against Defendant Berry**

Plaintiff seeks to hold defendant Berry liable under 42 U.S.C. § 1983, for injuries he allegedly sustained at the hands of defendant Lott. Plaintiff alleges that defendant Lott hit him, and this defendant attempted to intercede on his behalf by telling defendant Lott to take his hands off plaintiff. *See* Complaint, at pgs. 3 and 4. Plaintiff has failed to identify the required the constitutional rights allegedly violated by this defendant with specificity. *See Butera v. District of Columbia,* 235 F.3d 637, 646 (D.C. Cir. 2001), *citing Wilson v. Layne, et al.,* 526 U.S. 603, 615 (1999) (holding that the constitutional right asserted by Plaintiffs must be identified at "the appropriate level of specificity" for a court to determine whether a constitutional right was "clearly established").

A government official is shielded from personal liability for civil damages with respect to constitutional claims brought under 42 U.S.C. § l983, by the doctrine of qualified immunity insofar as his or her conduct does not violate clearly established rights of which a reasonable person would have known. *Hunter v. District of Columbia*, 943 F.2d 69, 75 (D.C. Cir. l99l). In making this determination, the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v.*

*Katz,* 533 U.S. 194, 200 (2001).

This defendant must be apprised of the exact nature of the claims against him. Other than allegedly failing to physically stop defendant Lott from hitting plaintiff, plaintiff has failed to set forth any allegations that this defendant took action against him that were in violation of his constitutional rights. *See* Complaint, generally. To assess whether this defendant's actions were objectively reasonable, the Court must consider the facts as they would have been perceived by a reasonable officer on the scene, and not with the 20/20 vision that comes with knowledge of the full landscape of the facts. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Richardson v. U.S. Department of Interior*, 740 F. Supp. 15 (D.D.C. 1990) (holding that an officer did not violate a clearly established right when that officer had an honest and reasonable belief that the plaintiff had violated the law in light of the facts available to him at the scene of the arrest). According to the allegations in the Complaint, when this defendant observed that defendant Lott was hitting plaintiff, he attempted to intercede by telling defendant Lott to take his hands off plaintiff. It was not until a Sergeant with more rank than this defendant interceded that the alleged assault terminated. See Complaint, at pg. 4. There are no allegations that this defendant used any force against plaintiff, let alone excessive force. See Complaint, generally.

This defendant may not be held liable for the alleged unconstitutional misconduct of a co-worker. *See Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978), holding there is no *respondeat superior* liability under 42 U.S.C. § 1983. By extension, there is no liability for someone else's constitutional misconduct. Because plaintiff has failed to identify with specificity the alleged constitutional right this

defendant violated, and this defendant enjoys qualified immunity for his complaint about conduct, judgment must be awarded in favor of this defendant, and the action dismissed.

                                        Respectfully submitted,

                                        PETER J. NICKLES
                                        Interim Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General,
                                        Civil Litigation Division

                                        */s/Patricia A. Jones*
                                        PATRICIA A. JONES [428132]
                                        Chief, General Litigation Sec. IV

                                        */s/C. Vaughn Adams*
                                        C. VAUGHN ADAMS [449770]
                                        Assistant Attorney General
                                        Sixth Floor South
                                        Washington, D.C. 20001
                                        (202) 724-6519; (202) 727-6295
                                        (202) 727-3625 (fax)
                                        E-mail:  corliss.adams@dc.gov

                                        Attorneys for Defendant Berry