THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUENTA ENNIS
    Plaintiff

v.       Civil Action No. 08-0146(HHK)

BOBBY LOTT, et al
    Defendants

### Plaintiff's Traverse Response To Defendant Berry's Motion To Dismiss

Leave to file GRANTED
Henry H. Kennedy, Jr.
United States District Judge
6/26/08

COMES NOW, the above cited Plaintiff and Most Respectfully FILES this TRAVERSE Response To Def. Berry's recent; June 6th 2008 fielded Motion To Dismiss from this action as originally captioned while offering unmistakable and clear case law precedents and other valued data which precludes such dismissal in all forms. He does so as an indigent federal inmate, pro-se and layman to the law party while re-stating and further defining his original claims. It is adopted; that which has been previously in separate form, offered to maintain The District Of Columbia and its organs as Defendants as well as all those parties and bodies named heretofore.

Understood that the Municipal Claims fielded by the Plaintiff previously should and must stand, legally following added expositions in this matter already on file it is most suspicious and also tell-tale of the culpability of all parties named at all times, that said action * is now being "piecemeal" attacked in attempts to sever righteous Defendants such Berry who is constitutionally and via Torts, quite linked

-1-

\* And as filed before the July 8, 2008 deadline

and most germain to this action and its adjudicated outcomes. So much so as is clearly exhibited in the case law available on the subject of an official present who either acts and participates in a constitutional violation (of an inmate wherein Ennis was severely beaten with lasting physical and psychological effects to his person) directly OR <u>fails</u> to adequately intervene to stop said violation when it occurs. It is quite universally understood that beating a prisoner, which has no imaginable aims in corrections practice is both wrong and heinous at best. Here, Ennis has totally and without question proven not only the acts or omissions of the Defendants named; but he has and will also prove Berry's place in the scheme of things.

Via the case array of: <u>Byrd v. Brishke</u>, et al, 466 F. 2d. (7th Cir. 1972) <u>Ruble v. King</u>, 911 F. Supp. 1544 (ND Ga. 1995); <u>Davidson v. O'Lone</u>, 752 F. 2d. 817 (3rd Cir. 1984); <u>Johnson v. Glick</u>, 481 F. 2d. 1028 (2nd Cir. 1973); <u>Garnet v. Kepner</u>, 541 F. Supp. 241 (MD Pa. 1982) and <u>Skevofilax v. Quigley</u>, 586 F. Supp. 532 (D.NJ 1984) and at the very least some 10 other citations for other cases relevant for same,[*] it can be classically shown that the Plaintiff Ennis was and IS correct in naming Berry and the he CANNOT be severed or dismissed from the instant case as based upon his actions alone. All as constitute an also classic and universally accepted § 1983 <u>Bivens</u> style liability for U.S. Constitutional deprivations and violations against Ennis himself. (US 8th and others as originally noted in series...)

Here and quite contrary to the now June 6th argument offered for dismissal which is quite ludicrous; if the violations (beating) cited is either committed by the person shown or done in the presence

[*] Available upon request, etc.

of another so named(Berry), and they (Berry) did not stop it [here, supposedly; a Seargent had to be called to stop it when Berry should have, physically if need be] THEN through this sequence or when knowledge and acquiesence can be identified (as it certainly also can be as to Berry because he knew of the acts, let it continue and therefore condoned or acquiesed) THE named party (Berry); is also culpable of the violations in the complaint as verified by the evidence. Here and by virtue of the aforementioned synopsis, the Motion For Dismissal is weak, actually insulting and nothing more than a way to mitigate damages on behalf of the Defendants in bad faith indeed. We are quite sure that the Court should concurr, less they wish for appeals in this camp of study, legally.

  Failure to act is just as inculpatory for officials involved in a beating of an inmate scenario. Very much so. As to the Defenant accompanying quest for "qualified immunity" this concept falls by the wayside as well, trashed in reality by the Byrd v. Brishke, Supra. outline which defines the reality of what took place between the guards and Ennis as was witnessed by countless people. Moreover as supported by the also present and determinent philosophy and practice or approach as previously discussed and proven where the beating of inmates was condoned in failure to train environments and alike as elsewhere, also pled in detail just some weeks ago before the courts. This is fully supported by Cox v. Treadway, 75 F. 3rd. 230(6th Cir. 1996) and Curtis v. Everrette, 489 F. 2d. 516, 518 (3rd Cir. 1973) principles as relevant, etc. Supervisory officials (and the entire jail there, really

with respect to the class-action and separate civil suits as have been or will be filed against the municipality and the guard-supervisor parties active/participating on record as will be shown at trial in this matter, establishing a full and egregious pattern where the beating s of inmates not unlike Ennis' was common-place and accepted) knew of all of this, failed to act and are hence responsible for all that took place, etc. This was widespread, frequent and defined a series of scary Ennis-like prior occurences for the same thing as shown in Allen v. City of Chicago, 828 F. Supp. 543(ND ILL. 1993); Robert v. Lane, 530 F. Supp. 930 (ND ILL. 1981) and Bishop v. Stoneham 508 F. 2d. 1224, 1226(2nd Cir. 1974) scenarios which match the D.C. Corrections environment and The Municipality itself, constitutionally and via Tort injuries, negligence and alike in general. So much so so as to be ridiculous. Therefore any attempt to sever Berry would also be ridiculous given the "patterns" established at the jail in question and as to the failure to act theme. Furthermore, Hearn v. Morris, 526 F. Supp. 267(ED Ca. 1981) themes permeate the Ennis scenario wherein Official Policy Or Practice virtually seals inescapable liability for all Defendants named to include of course and as explained; BERRY.

     As per O'Connor v. Keller, et al, 510 F. Supp. 1359, 1374 (D. Md. 1981) a failure to train accented environment exists at the D.C. facility so named in this action and the supervisory personnel responsible there are indeed proven as liable. Berry is proven as liable as well in this filing, and previously. Kibbe v. City Of Springfield, 777 F. Supp. 2d. 801 (1st Cir. 1985) and Leite v. City Of Providence, 463 F. Supp. 585 (D. RI 1978) become active as well for the ends of this civil action and the retention of all Defendants entities and persons so

cited and heretofore explained for added clarity in all pleadings, cumulatively. Not only for Berry, but for all those parties used. This cannot be stressed enough for judicial review at this crucial juncture in the litigation.

Personal involvement, legally for Berry and all others meets and agrees with the accepted legal tests which include Six(6) legal theories to be employed. Briefly; Actual presence or participation, Knowledge and acquiesence, The presence of (and support for) unwritten policies, Failure to establish policies and or procedures, The failure to perform statutory or regulatory duties, And the failure of supervisory authorities to train or supervise [Page 13; "Legal Bulletin" 1.1 Civil Actions Via The Lewisburg Project, POB 128 Lewisburg, Pa. 17837, a prisoner advocacy and assistance entity to which the herein Plaintiff Ennis has successfully recurred for assessment and assistance with <u>his present claims</u>, etc. <u>and future publicity goals</u> for his action] ALL CONSTITUTE claim for the Plaintiff legally showing that his being beaten in the first place was formative for all that has followed and must survive dismissal phases, proceeding to trial. If it were not then Ennis would not have been beaten at all and no other civil actions for like experiences would be quotable at the D.C. Jail facility itself. All cited are classic and successful for 1983 <u>Bivens</u> filings and match EXACTLY ENNIS' pleadings and case data. Thereby also negating "immunity" invocation

Finally and for the purpose of retaining Berry as a Defendant and all other parties mentioned; according to <u>Cruz v. Beto</u>, 405 US 319, 322 (1972) and <u>Conley v. Gibson</u>, 355 US 41,45-46(1957) case law primordial knowledge and practice; the Complaint as offered must and

should not be dismissed, severed dropping parties or otherwise altered (perhaps expanded if anything) citing that the Plaintiff's heretofore claims are <u>not beyond a doubt</u>, <u>unproveable</u> according to the set of facts either on record, admitted or obtainable via Discovery for what he claims as to the 8th and other resulting Constitutional Violations of rights. This is plainly seen in his filings and accusations. All also would support relief for the Plaintiff as based on his as documented injuries sustained. Furthermore also interjecting that Plaintiff's Motions and filings in general must be: considered by the Court as pro-se material, held to a much less than those drafted by a qualified lawyer standard overall. This is crucial indeed. Perhaps originally less than eloquently put in the original filings of the Plaintiff, now and formerly by responses, it is hoped that added explanation has done the Plaintiff's claims true justice. Given what was brutally done to him, they must be recognized and given deference to proceed. As must Berry as a Defendant himself. Ennis' injuries could have been prevented or mitigated by Berry but were not, even when Berry had a responsibility to do so. His inaction was shameful.

Dated: __6/16__ ,2008

And as submitted as pursuant to Title 28 USC § 1746

Most Respectfully Submitted,

*Quenta Ennis*

Quenta Ennis, Pro-Se
Plaintiff
REG# 34408-007
FCI Schuylkill
POB 759
Minersville, Pa. 17954

## Certificate Of Service

I, Quenta Ennis, the Plaintiff in the action as noted and Docketed Via 08-0146 (HHK) DO HEREBY SWEAR TO AND AFFIRM THAT; I have sent a true and correct copy of my "Traverse Response To Def.'s Request [Berry] For Dismissal Of Claim(s) to the below noted parties, via First-Class US Mail, postage pre-paid and as per and pursuant to 28:1746 for contents TO: 1&2

[Also as via Houston V. Lack "Prison Mailbox Rules"]

1)  The Hon. Henry H. Kennedy USDC J.
    Clerk Of Court
    USDC For D. Of Columbia
    US Courthouse
    333 Constitution Ave., NW
    Wash., DC 20001

Most Respectfully Submitted,

X  *Quenta Ennis* (signature)
Quenta Ennis, Pro-Se
REG# 34408-007
FCI Schuylkill  POB 759
Minersville, Pa. 17954

2)  Patricia A. Jones, Esq.
    Chf. Gen. Lit. Sect. IV
    Atty General's Office For
    The Dist. Of Columbia
    Sixth Flr. South
    Wash., DC 20001

DATED:  6/16  , 2008