UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

QUENTA ENNIS,

                Plaintiff,

   v.

BOBBY LOTT, *et al.*,

                Defendants.

Civil Action No. 08-0146 (HHK)

**MEMORANDUM OPINION**

This matter is before the Court on motions to dismiss filed on behalf of the District of Columbia Department of Corrections and Rick Berry.[1]  For the reasons stated below, the motions will be granted.

I.  BACKGROUND

At all times relevant to the Complaint, plaintiff was detained at the District of Columbia's Central Detention Facility ("D.C. Jail") awaiting transfer to a facility operated by the Federal Bureau of Prisons.  *See* Compl. ¶ 1.  According to plaintiff, on June 15, 2006, he was released from his cell for a 30-minute recreation period, during which he intended to make two telephone calls.  *See id*. ¶¶ 4-5.  Before plaintiff could make his second call, defendant "Berry informed

---

[1] Plaintiff named a third defendant, Bobby Lott.  According to the Process Receipt and Return [Dkt. #5], defendant Lott no longer was employed at the D.C. Jail when service was attempted on March 10, 2008.  Plaintiff has been unable to provide a current address for defendant Lott.  *See* Dkt. #16.  Accordingly, the Court dismisses defendant Lott without prejudice as a party defendant.

1

[him] that [his] time was up." *Id.* ¶ 6. Defendant Lott entered the room and "put on a pair of gloves as he was yelling for [plaintiff] to get off the phone." *Id.* ¶ 7. Defendant Lott then, "without any provocation or purpose[,] approached [plaintiff], hung up the phone, and began grabbing [him] by the neck and choking [him] as he [was] shoving [plaintiff] away from the phone." *Id.* ¶ 9. Defendant Berry "attempted to intercede by telling Lott to take his hands off [plaintiff] . . . [but] made no attempts to either physically stop Lott or contain his continued assault." *Id.* ¶ 10. Lott "continued his assault on [plaintiff] by continously [sic] punching [him] in the face." *Id.* ¶ 11. As a result, plaintiff sustained a broken nose, multiple bruises, loosened teeth, and he continues to experience "nasal problems," pain, and headaches. *Id.* ¶ 15.

Defendant Lott filed a Disciplinary Report charging plaintiff with an assault on staff and lack of cooperation. *See* Plaintiff's Exhibits in Support of Complaint [Dkt. #14-2], Ex. C (Disciplinary Report). According to Lott's report, plaintiff threw a soap dish which hit Lott in his chest. *See id.* An Adjustment Board found plaintiff guilty of both offenses and sanctioned him with placement in administrative segregation and loss of privileges for 30 days. *See id.* (June 30, 2006 letter to Robert Clay, Warden, from Almo J. Carter, Esq., Staff Attorney, Institutional Services Program, Public Defender Service) at 1. According to plaintiff, these disciplinary charges "were only filed after [plaintiff] made his intentions clear that he intended to file grievances against [defendant] Lott and others." Compl. ¶ 19. He further alleged that he was denied a fair hearing before the Adjustment Board, and that its failure to record the disciplinary proceedings violated its own procedures. *Id.* ¶ 20.

Plaintiff brings this civil rights action against corrections officers Lott and Berry and against the District of Columbia Department of Corrections ("DOC") under 42 U.S.C. § 1983 and

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of rights protected by the First, Eighth, and Fourteenth Amendments to the United States Constitution.[2]  He demands compensatory and punitive damages and declaratory relief.

## II.  DISCUSSION

### *A.  Claims Against Defendant Berry*

#### a.  Official Capacity

Defendant Berry is sued in both his official and individual capacities.  A suit against a government official in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  Accordingly, plaintiff's claims against defendant Berry in his official capacity are dismissed.  *See, e.g., Price v. District of Columbia*, 545 F. Supp. 2d 89, 95 (D.D.C. 2008) (commenting that the "overwhelming approach . . . taken by members of this Court, as well as the position taken by other courts" is to dismiss summarily a government official sued in his official capacity in conjunction with a suit also filed against the municipality on the ground that retaining the government official as a named defendant is redundant and inefficient).  These claims are treated as if they are brought against the District of Columbia directly, and defendant Berry will be dismissed in his official capacity as a party defendant.

---

[2]  Plaintiff's claims under the Fourteenth Amendment to the United States Constitution will be dismissed.  The Fourteenth Amendment does not apply to the District of Columbia.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

b. Individual Capacity

With respect to the claims against him in his individual capacity, defendant Berry argues that he is protected by qualified immunity "insofar as his . . . conduct dues not violate clearly established rights of which a reasonable person would have known." Defendant Rick Berry's Memorandum of Points and Authorities in Support of his Motion to Dismiss ("Berry Mot. to Dismiss") at 5 (page numbers designated on electronic docket). First, defendant Berry argues that the complaint fails to "identify the . . . constitutional rights allegedly violated . . . with specificity." *Id.* Second, he argues that his actions were objectively reasonable under the circumstances. *Id.* at 6.

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Indeed, "qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Supreme Court has "emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). When assessing a qualified immunity defense, the first inquiry a court must make is whether a constitutional right would have been violated on the facts alleged. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Barham v. Ramsey*, 434 F.3d 565, 572 (D.C. Cir. 2006). Only if this question is answered in the affirmative must the federal officer then demonstrate that "a reasonable officer could have believed" that the actions were lawful "in light of clearly established law and the information the ... officer[ ] possessed." *Anderson*, 483 U.S. at

641; *see Barham*, 434 F.3d at 572; *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991) (noting that "[o]fficials are liable for committing constitutional torts . . . only if they knew, or were unreasonable in not knowing, that their behavior violated the Constitution.").

According to the Complaint, defendant Berry "did knowingly and intentionally act while under the color of law[] to violate [plaintiff's] Eighth Amendment [r]ight to be free from cruel and unusual punishment by conspiring and allowing [d]efendant Lott to physically assault [him], and further failing to immediately report and later attempting to downplay and cover up the facts as to what had truly occured [sic] before, during, and after the incident." Compl. at 6. In other words, defendant Berry's mere "attempt[] to intercede by telling Lott to take his hands off of [plaintiff], [while making] no attempts to either physically stop Lott or contain his continued assault," *id.* at 4, violated plaintiff's Eighth Amendment rights. Defendant Berry cannot be held liable for the alleged unconstitutional acts of his fellow correctional officer, however. *See Haynesworth v. Miller*, 820 F.2d 1245, 1259 (D.C. Cir. 1987)) ("Analytically, high-level public officials are not employers of their subordinates but rather are fellow governmental servants, and it thus is inappropriate to hold them liable on the basis of respondeat superior."); *Arnold v. Moore*, 980 F. Supp. 28, 35 (D.D.C. 1997) (finding that government officials "cannot be held responsible for the others' actions," and so "public officials are not vicariously liable for the acts of their subordinates").

Generally, when a plaintiff sues a government agent in his individual capacity and the government agent raises a qualified immunity defense, the plaintiff must overcome the qualified immunity defense in order to survive a Rule 12(b)(6) motion to dismiss. *See, e.g., Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006). Plaintiff fails to allege facts showing that

defendant Berry assaulted plaintiff or otherwise violated plaintiff's constitutional rights. Accordingly, the Court will grant defendant Berry's motion to dismiss.

### B. Claims Against the District of Columbia Department of Corrections

#### 1. The District of Columbia Will Be Substituted As A Party Defendant

The DOC moves to dismiss the complaint on the ground that is not a suable entity. *See* Defendant D.C. Department of Corrections's Motion to Dismiss Plaintiff's Complaint [Dkt. #8-2] ("Def.'s Mot.") at 5-6. Because DOC is an agency of the District of Columbia government without the power to sue or be sued directly, it argues that "it is not a proper party defendant and dismissal of this lawsuit . . . is mandated by statutory law." *Id.* at 6. Plaintiff counters that the terms "District of Columbia Department of Corrections" and District of Columbia" are "understood to be synonymous [sic] to the layman." Traverse in Reply to Defendants' Opposition To And Request To Dismiss Claim ("Pl.'s Opp'n to D.C. Mot.") at 6. For this reason, he asks that the District of Columbia should be substituted as the party defendant. *Id.*

The DOC is not a suable entity. *See, e.g., Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 5 (D.D.C. 2000) (listing various District of Columbia agencies, including the Department of Corrections, that are *non sui juris*). However, plaintiff is proceeding *pro se* and, therefore, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court accepts his explanation that, in his mind, the District of Columbia and the DOC are one entity. Accordingly, the District of Columbia is substituted as the proper party defendant.

#### 2. Plaintiff Fails to Allege the District of Columbia's Liability Under Section 1983

The District of Columbia argues that plaintiff has not stated adequately a civil rights claim against it under 42 U.S.C. § 1983 because the complaint fails to allege that a custom, policy or

practice was the "moving force behind [the] alleged June 15, 2006 assault by a correctional officer," or was the cause of the Adjustment Board's decision on the assault charge. Def.'s Mot. at 7.

In relevant part, 42 U.S.C. § 1983 ("Section 1983") provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

*Id.* To state a claim under Section 1983, a complaint must allege facts sufficient to show that the conduct of which plaintiff complains (1) was committed by a person acting under color of state law, and (2) deprived plaintiff of a constitutionally-protected right. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). The District of Columbia is a municipality and is considered a "person" for purposes of Section 1983. *See, e.g., Best v. District of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990). "[A] municipality can be found liable under [Section] 1983 only where the municipality *itself* causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694 (1978) (emphasis in original)). "*Respondeat superior* or vicarious liability will not attach under [Section] 1983." *Id.* The District of Columbia, then, is subject to liability under Section 1983 only "when an official policy or custom causes the complainant to suffer a deprivation of a constitutional right." *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986). The policy or custom itself must be the moving force behind the constitutional violation. *Id.* (citing *Monell*, 436 U.S. at

694); *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring plaintiff to show a course deliberately pursued by city establishing affirmative link between city's policy and alleged constitutional violation).

There is no heightened pleading standard in civil rights cases alleging municipal liability for civil rights violations, *see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993), and the complaint "need not plead law or match facts to every element of a legal theory." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000) (citations omitted). "Nevertheless, Plaintiffs' Complaint must 'include some factual basis for the allegation of a municipal policy or custom.'" *Hinson ex rel. N.H. v. Merritt Educ. Ctr.*, 521 F. Supp. 2d 22, 29 (D.D.C. 2007) (quoting *Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1996)). Plaintiff's *pro se* complaint simply cannot be read to include such allegations.

Plaintiff relies on the allegations of his Complaint, specifically his assertion of the DOC's "legal[] responsib[lity] for the hiring and training, supervising and discipline of all correctional employees of the [D.C. Jail], with D.[]C. understood to be the Central Detention Facility itself." Pl.'s Opp'n to D.C. Mot. at 6 (emphasis in original). The paragraph to which plaintiff refers reads:

> The D.C. Department of Corrections . . . is being named as Defendant in this civil action, because the D.C. [Jail] lies under this entity. The DOC is and was at all times legally responsible for the safety, security, maintenance, and care of all inmates housed at this facility. They are also legally responsle [sic] for hiring, training, supervision, and discipline of all correctional employees of the D.C. [Jail].

Compl. at 2-3. The Complaint further holds the DOC "directly responsible for the training and discipline of its employees," such that its "permitting and overlooking Lott['s] and Berry['s]

actions[,] failing to take appropriate steps to . . . investigate [plaintiff's] allegations against Lott and Berry . . . violated [plaintiff's] First and Fourteenth Amendment rights." *Id.*  In his view, when he alleges the District's responsibility for the safety, security, care and maintenance of all inmates, he necessarily "mean[s] those POLICIES and CUSTOMS which may be used for these purposes, etc."  Pl.'s Opp'n to D.C. Mot. at 6.

Notably absent from these allegations is any mention of a District of Columbia policy, practice, or custom, the execution of which resulted in the alleged violations of plaintiff's constitutional rights.  Absent clear allegations of the municipality's liability, the complaint must be dismissed as against the District of Columbia.  *See, e.g., Washington v. District of Columbia*, No. 04-0559, 2006 WL 751327, at *1 (D.D.C. Mar. 21, 2006) (concluding that complaint "reveals no basis for municipal liability" where claims only are that "the District of Columbia and high-level Department of Correction officials 'have a dut[y] of responsibility to insure all inmates are not assaulted in any way, and rec[ei]ve proper medical & dental care'").

An Order consistent with this Memorandum Opinion is issued separately.

                                              HENRY H. KENNEDY, JR.
                                              United States District Judge

Date:   December 15, 2008